UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLSTON,

        Plaintiff,                      Case No. 2:17-cv-10076
                                            District Judge Nancy G. Edmunds
v.                                          Magistrate Judge Anthony P. Patti

BOSTON MARKET
CORPORATION, *et al.*,

        Defendants.
_____/

# REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION WITHOUT PREJUDICE AS PREMATURE (DE 29)

**I.**     **RECOMMENDATION**: The Court should deny Plaintiff's motion to order Defendants to pay for medical treatment without prejudice as premature. (DE 29.)

**II.**     **REPORT**

    **A. Background**

Plaintiff, Mark Colston, filed his complaint in this action on January 10, 2017, alleging that Defendants improperly cancelled his medical treatment for injuries sustained while on the job. (DE 1.) He asks the Court to order Defendants to pay for his medical treatment and pay compensatory and punitive damages in the amount of $10 million.

On April 12, 2017, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, asserting that the Workers' Compensation Agency has exclusive subject matter jurisdiction over Plaintiff's complaint. (DE 19.) Plaintiff did not file a response in opposition. On May 15, 2017, the Court stayed discovery in this matter pending a ruling on the motion to dismiss. (DE 26.)

### B. The Instant Motion

Plaintiff filed the instant motion on June 19, 2017. (DE 29.) In the motion, he briefly reiterates the facts in his complaint and asks the Court to order Defendants to pay for his medical treatment immediately. He asserts that Defendants' refusal to pay for his treatment is cruel and unusual punishment and that the Court must intervene to avoid irreparable injury.[1] Although Plaintiff does not indicate under what Rule he brings the motion, as best as the Court can discern it appears to be a motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56.

### C. Analysis

Rule 56 provides that a party asserting that a fact is not genuinely disputed must do so by:

---

[1] Plaintiff does not plead an Eighth Amendment claim in his complaint, or allege how his private employer could violate his rights under the United States Constitution. As a result, the claim can be disregarded. *See Yanovich v. Zimmer Austin, Inc.*, 255 F. App'x 958, 970 (6th Cir. 2007) (affirming the district court disregarding claims raised for the first time in a motion for summary judgment).

2

 **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). Here, Plaintiff does not provide the Court with any evidence on which to make a ruling under Rule 56. Instead, he merely asserts in his unsworn motion that his facts are true and he is entitled to relief. Nor could he point to any evidence developed in this case, as discovery has been stayed.

    Plaintiff's motion is premature. *See Badalament, Inc. v. Mel-O-Ripe Banana Brands, Ltd.*, 265 B.R. 732, 726 (E.D. Mich. 2001) (denying a motion for summary judgment as premature where it was filed pre-discovery). As explained by the Court on May 15, 2017 and on May 26, 2017, discovery is stayed in this matter, pending the Court's decision on the jurisdictional motion to dismiss, and a new scheduling order will be issued if the motion is denied. (DE 26 and 28.) If Defendants' motion is ultimately unsuccessful, discovery will be necessary to "flesh out the claim[s] remaining in this action," prior to the filing of motions under Rule 56. *Law Offices of Scott E. Combs v. United States*, 767 F. Supp. 2d 758, 769 (E.D. Mich. 2011). As Plaintiff himself has repeatedly noted, there may exist a video tape of the incidents described in his complaint that could serve as

3

evidence, but which he has been unable to obtain because of the stay. As such, it is not even in Plaintiff's best interest to file a dispositive motion at this time. Accordingly, I recommend that Plaintiff's motion be denied without prejudice as premature.

### IV. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: June 22, 2017       s/Anthony P. Patti
                    Anthony P. Patti
                    UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on June 22, 2017, electronically and/or by U.S. Mail.

                    s/Michael Williams
                    Case Manager for the
                    Honorable Anthony P. Patti