UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLSTON,

       Plaintiff,                          Case No. 2:17-cv-10076
                                            District Judge Nancy G. Edmunds
v.                                          Magistrate Judge Anthony P. Patti

BOSTON MARKET
CORPORATION, *et al.*,

       Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' UNOPPOSED MOTION TO DISMISS (DE 19)

**I.**      **RECOMMENDATION**: The Court should grant Defendants' unopposed motion to dismiss. (DE 19.)

**II.**      **REPORT**

      **A.**      **Factual Background**

Plaintiff, Mark Colston, who is proceeding without the assistance of counsel, filed his complaint and application to proceed *in forma pauperis* on January 10, 2017. (DE 1 and 2.) The Court granted his application on February 1, 2017. (DE 5.) For the purposes of this motion to dismiss, I will accept the allegations in Plaintiff's complaint as true.

Plaintiff was hired by Defendant, Boston Market Corporation ("Boston Market") in October 2013 to work as a dishwasher. The Boston Market location

was robbed at gunpoint on two occasions while Plaintiff was at work: once in October 2014, and again on August 15, 2016. During the August 15, 2016 robbery, Plaintiff was pushed by a fellow employee when attempting to escape out the front door. (DE 1 at 2.) After he was able to stand up and begin running away again, he saw the robber with a gun in his hand. He ultimately escaped to a nearby drug store and someone was able to call for help.

One day later, Plaintiff sent a letter to Boston Market asking for immediate medical attention due to emotional and physical injuries. (Id. at 3.) He continued to seek help from Boston Market until he was contacted by Sarah Prinzi, the Director of Risk Management and Loss Prevention for Boston Market, on December 21, 2016. Ms. Prinzi informed him that Boston Market would pay for his medical treatment and indicated that "the workman[s'] compensation adjuster would be responsible for paying all his medical bills." (Id.) He spoke with the adjuster, Dolores Graham, on December 23, 2016. Ms. Prinzi then stopped communicating with Plaintiff in January 2017 and at some point he was let go from Boston Market.

Plaintiff does not specify his claims related to these incidents, but asks the Court to order Defendants to pay for his medical treatment, in addition to compensatory and punitive damages of $10 million.

## B.     Procedural Background

This matter came before me for a scheduling conference on March 14, 2017, at which Mr. Colston and Defendants' counsel appeared. At the conference, Plaintiff indicated that he had recently received a Right to Sue letter from the EEOC and would likely be moving to amend his complaint to add claims under Title VII. Defendants' counsel indicated that they would be moving to dismiss the case on jurisdictional grounds. In the interest of quickly resolving this dispute, I gave the parties until April 13, 2017 to file their respective motions and stayed discovery beyond initial disclosures until May 15, 2017. (DE 17.)

On April 7, 2017, Plaintiff sought an extension of time in which to file his motion to amend, which the Court granted on April 13, 2017, giving him until April 28, 2017. (DE 20.) Defendants filed the instant motion on April 12, 2017 pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the Court lacks subject matter jurisdiction over Plaintiff's claims because they are barred by the Michigan Worker's Disability Compensation Act ("MWDCA"). (DE 19.) Defendant further argues that Plaintiff failed to state a claim and also seeks dismissal pursuant to Rule 12(b)(6). The Court gave Plaintiff until May 17, 2017 to file a response in opposition. (DE 21.) Plaintiff did not file his motion to amend or a response in opposition to the instant motion. Instead, he filed a motion to compel certain discovery, which the Court denied on May 15, 2017, in light of the

fact that discovery had been stayed until the jurisdictional motion could be decided. (DE 26.) On May 24, 2017, Plaintiff filed a new complaint against the same Defendants, describing the same set of events as outlined in the instant complaint and bringing claims under Title VII. *See Colston v. Boston Market Corp., et al.*, 2:17-cv-11649.

### C. Standard

To determine whether the Court has subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court must "take the allegations of the complaint as true[.]" *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). The plaintiff has the burden of proving jurisdiction in order to survive the motion. *3D Systems, Inc. v. Envisiontec, Inc.*, 575 F. Supp. 2d 799, 802 (E.D. Mich. 2008).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### D. Discussion

Defendants assert that Plaintiff's entire complaint is barred by the exclusive remedy provision of the MWDCA, and therefore this Court lacks subject matter jurisdiction over his claims. As a preliminary matter, the Court can consider Defendants' motion to dismiss as unopposed. "[I]f a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008); *see also*

5

*Sabharwal v. Chase Mortg. Bank*, No. 11-13138, 2012 WL 1050021, at *2 (E.D. Mich. Mar. 7, 2012) *report and recommendation adopted*, *Sabharwal v. Chase Home Fin., LLC*, No. 11-131318, 2012 WL 1049909 (E.D. Mich. Mar. 28, 2012) (applying *Humphrey* to a *pro se* Plaintiff). Independent of Plaintiff's failure to oppose the motion, Defendants' jurisdictional argument is well-taken.

The MWDCA provides in relevant part as follows:

> The right to the recovery of benefits as provided in this act shall be the employee's *exclusive remedy against the employer for a personal injury or occupational disease*. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a *deliberate act of the employer* and the employer specifically intended an injury.

Mich. Comp. Laws § 418.131(1) (emphasis added). The exclusive remedy provision extends to others employed by the same employer. Mich. Comp. Laws § 418.827(1). As a result, "a trial court cannot have subject matter jurisdiction until the Workers' Compensation Bureau has determined whether there is a work-related injury" and the Bureau has "sole jurisdiction . . . to determine whether or not any remedy is available." *Mack v. Strategic Materials, Inc.*, 270 F. Supp. 2d 934, 939 (E.D. Mich. 2003).

As background, the MWDCA "essentially created a 'no-fault' system under which a worker no longer has to establish negligence on the part of the employer but the employer is liable for certain expenses related to an injury suffered on the job without regard to fault." *Brown v. Cassens Transp. Co.*, 743 F. Supp. 2d 651,

6

661-62 (E.D. Mich. 2010) (rev'd on other grounds). This "ensures recovery for injured employees while creating greater certainty for employers" in part, because of the exclusive remedy provision of the statute. Specifically, if it were not the exclusive remedy, "injured employees could circumvent the restrictions the [MWDCA] places on the benefits an injured employee is entitled to receive." *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 732 F.3d 556, 559 (6th Cir. 2013).

Here, Plaintiff asserts that he was injured while on the job and that his employer failed to pay for his medical expenses. This is the specific situation contemplated by the MWDCA. *See Anderson v. Aramark Facility Servs., LLC*, No. 16-cv-12398, 2017 WL 1549762, at *6 (E.D. Mich. May 1, 2017). His pleadings do not contend, or even suggest, that Defendants committed an intentional tort against him, and thus are not subject to the statutory exception. Specifically, his complaint describes a robbery that occurred at his place of work and the injury he suffered when attempting to escape. He does not posit that his employer intended for him to be injured or committed a deliberate act in support of the same. His main issue with his employer and fellow employee, Sarah Prinzi, is that they did not pay for the expenses incurred for his work-related injury.

Moreover, his complaint explicitly refers to his "workman[s'] compensation adjuster," with whom he spoke on December 23, 2016. (DE 1 at 3.) His lack of response to the instant motion indicates to the Undersigned that Plaintiff too is

7

aware of the jurisdictional deficiency. Accordingly, I conclude that this Court lacks subject matter jurisdiction over Plaintiff's claims and recommend that the Court grant Defendants' motion and dismiss this case without prejudice to refiling in the appropriate jurisdiction. Because I have concluded that this Court is without subject matter jurisdiction, it would be improper to rule on the merits of Plaintiff's claims. *Godsey v. Miller,* 9 F. App'x 380, 384 (6th Cir.2001) ("[W]ithout subject-matter jurisdiction, the court was without power to decide any substantive motion on the merits of the case.").

### III.  PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: August 18, 2017          s/Anthony P. Patti
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on August 18, 2017, electronically and/or by U.S. Mail.

                                s/Michael Williams
                                Case Manager for the
                                Honorable Anthony P. Patti

9